UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-460-GWU

VICTORIA COX, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Victoria Cox brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cox, a 50 year-old former ride attendant and utility worker with a "limited" education, suffered from impairments related to a major depressive disorder, a dysthymic disorder, borderline intellectual functioning, an intermittent explosive disorder, alcohol and cocaine abuse (in full remission), and a history of asthma and whiplash injury. (Tr. 18, 22). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 28). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 28). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Katharine Bradford included an exertional limitation to medium level work along with such non-exertional restrictions as an inability to more than frequently perform such activities as overhead reaching, stooping, kneeling, crouching, or crawling and a limitation to simple, repetitive tasks and routine work settings that did not involve frequent changes or fast-paced, high pressured environments. (Tr. 492). In response, the witness identified a number of jobs which could still be performed. (Tr. 493). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Cox's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Dr. Mark Burns examined Cox and found no restrictions with regard to sitting, standing, moving about, lifting, carrying, handling objects, seeing and speaking. (Tr. 105). The physical factors of the hypothetical question were consistent with the limitations indicated by Dr. Sudideb Mukherjee, a non-examining medical reviewer. (Tr. 108-116). No treating or examining source, including Dr. Alan Fried (Tr. 96-100, 339-345) and the staff at Appalachian Regional Healthcare (Tr. 180-338, 379), reported the existence of more severe physical limitations than those found by the ALJ. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ also dealt properly with the evidence of record relating to Cox's mental condition. Psychologist William Rigby, an examining consultant, opined that the plaintiff would have a "fair" ability to deal with work stresses and pressures which he described as only a "slight" impairment. (Tr. 95). This limitation would appear essentially consistent with the mental restrictions

6

included in the hypothetical question.  Neither Ilze Sillers (Tr. 117) nor Ann Demaree (Tr. 132) the non-examining medical reviewers, thought that the plaintiff even suffered from a "severe" mental impairment.  The claimant's treating source at the Cumberland Comprehensive Care Center did not indicate the existence of more severe specific mental restrictions than those found by the ALJ.[1]  (Tr. 392-400).  These reports provide substantial evidence to support the administrative decision.

More severe mental limitations were identified by Psychologist Christopher Catt, another examiner and Annette Freel, his associate.  (Tr. 353-354, 363-364).  However, their opinions, based on a one-time examination, were offset by that of Rigby.  The plaintiff asserts that the ALJ erred in omitting the limitations concerning a need for non-confrontational supervision and being "often deficient in concentration, persistence and pace" as noted by Medical Advisor Jane Yates.  (Tr. 477, 486).  This opinion would be outweighed and offset by the aforementioned evidence of record.

Cox notes that being of borderline intelligence would place her general learning ability in the lowest ten percent of the population and asserts that this factor needed to be presented to the vocational expert.  One of the jobs cited by Bradford as remaining available under the terms of the hypothetical question was production inspector.  (Tr. 493).  The plaintiff cites the Section 619.381-010 of the Dictionary of Occupational Titles (DOT) which indicates that this job would require one to be as intelligent as people in the middle one/third of the population.  However, the expert also cited such positions as hand packer,

---

[1]The Cumberland River staff did cite Global Assessment of Functioning scores consistent with "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical For Mental Disorders, (4th Ed.- Revised 1994).  (Tr. 395, 398).  However, nothing more specific was noted.

7

grader, and sorter. (Tr. 493). The claimant has cited no evidence that these jobs would also be precluded under the DOT. Therefore, the Court must reject Cox's argument.

The Court notes that Cox submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. Sizemore, 865 F.2d at 711. Thus, the new evidence must be material and good cause must be shown why it was not previously submitted.

The medical record with which Cox seeks a remand of the action consists of a June, 2005 medical report from Appalachian Regional Healthcare. (Tr. 401). The plaintiff has offered no explanation as to why such or similar evidence was not obtained prior to the issuance of the ALJ's final decision. Furthermore, the report contains no mental or physical restrictions in excess of those found by

8

the ALJ. Therefore, the claimant has failed to meet either the "good cause" or the "materiality" requirements and, so, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21 day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE

9